FILED

01/16/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0302

DA 17-0302

IN THE SUPREME COURT OF THE STATE OF MONTANA

2018 MT 10N

HARRY RICHARDS,

        Plaintiff and Appellant,

   v.

KRMC; PROMPT CARE,

        Defendants and Appellees.

| | |
|---|---|
| APPEAL FROM: | District Court of the Eleventh Judicial District, In and For the County of Flathead, Cause No. DV 16-257C Honorable Robert B. Allison, Presiding Judge |

COUNSEL OF RECORD:

        For Appellant:

            Harry Richards, Self-Represented, Trego, Montana

        For Appellee:

            Sean Goicoechea, Chris Di Lorenzo, Moore, Cockrell, Goicoechea & Johnson, P.C., Kalispell, Montana

                      Submitted on Briefs:  December 20, 2017

                                  Decided:  January 16, 2018

Filed:

_____
                            Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Plaintiff and Appellant Harry Richards (Richards) filed his first Complaint against Kalispell Regional Medical Center and Eureka Prompt Care (collectively KRMC) in the Eleventh Judicial District Court, Flathead County, on January 15, 2015. Richards's first Complaint was dismissed because he failed to complete the Montana Medical Legal Panel (MMLP) process. On September 4, 2015, Richards filed a claim with the MMLP. The MMLP issued a ruling on February 17, 2016. Richards subsequently filed his Complaint in District Court alleging three medical malpractice claims: (1) KRMC failed to properly treat Richards's medical complaints; (2) KRMC prescribed medications to Richards that purportedly caused Richards erectile dysfunction and bad dreams; and (3) KRMC inappropriately discharged Richards as a patient. Richards also alleged that KRMC failed to provide a written statement refuting various allegations made by Lincoln County Deputy Sheriff Steve Short.

¶3 In the underlying dispute, Richards asserts that, in 2012, Deputy Short alleged that Richards and Deputy Short's wife, Raylee Short, an employee of Eureka Prompt Care, had sexual relations in an examination room. Richards alleges that Linda Schatzel, a physician's assistant at Eureka Prompt Care, would not provide him with a written

2

statement refuting Deputy Short's allegations. Thereafter, the Director of Eureka Prompt Care sent Richards a letter discontinuing the patient-provider relationship. Richards's Complaint filed in District Court raises claims related to KRMC's failure to provide a written statement, as well as claims related to the medical care and treatment Richards received prior to his discharge by KRMC.

¶4 On September 8, 2016, the District Court issued its Amended Scheduling Order setting a November 18, 2016 deadline for disclosure of expert witnesses, as required by M. R. Civ. P. 26. On November 17, 2016, Richards mailed KRMC's counsel a witness list that included two categories of witnesses: "Hostile" and "Non Hostile." Richards's witness list was not filed with the District Court. Richards did not disclose or identify any expert witnesses to offer an opinion that KRMC's care and treatment of Richards departed from the accepted standard of care. The District Court granted KRMC's motion for summary judgment and agreed with KRMC that Montana law requires expert testimony to establish the applicable standard of care and any departure from the standard of care. The District Court also concluded that KRMC did not have a legal duty to provide a written statement refuting Deputy Short's allegations.

¶5 Richards has filed a two-page, nine-paragraph opening brief entitled, "OPENING BRIEF WITH RESERVATION TO ADD TO BECAUSE OF MY CONDITION I M[A]Y HAVE FORGOT SOMETHING." Although Richards has failed to assign or adequately address any alleged errors in the District Court's order granting summary judgment, we will construe Richards's appeal generally as an objection to the Court's grant of summary judgment to KRMC. We review a district court's grant of summary judgment de novo.

*McClue v. Safeco Ins. Co.*, 2015 MT 222, ¶ 8, 380 Mont. 204, 354 P.3d 604. "Summary judgment is appropriate when the moving party demonstrates both the absence of any genuine issues of material fact and entitlement to judgment as a matter of law." *Albert v. Billings*, 2012 MT 159, ¶ 15, 365 Mont. 454, 282 P.3d 704. "A material fact is a fact that involves the elements of the cause of action or defenses at issue to an extent that necessitates resolution of the issue by a trier of fact." *Williams v. Plum Creek Timber Co.*, 2011 MT 271, ¶ 14, 362 Mont. 368, 264 P.3d 1090 (quoting *Arnold v. Yellowstone Mt. Club, LLC*, 2004 MT 284, ¶ 15, 323 Mont. 295, 100 P.3d 137) (internal quotations omitted).

¶6　　It is well settled in Montana that a plaintiff in a medical malpractice action must establish the following elements: (1) the applicable standard of care; (2) that the defendant departed from that standard of care; and (3) that the departure proximately caused the plaintiff's injuries. *Mont. Deaconess Hosp. v. Gratton*, 169 Mont. 185, 189-90, 545 P.2d 670, 672-73 (1976). Further, "[w]ithout expert testimony to establish these elements, no genuine issue of material fact exists and the defendant is entitled to judgment as a matter of law." *Estate of Willson v. Addison*, 2011 MT 179, ¶ 17, 361 Mont. 269, 258 P.3d 410 (footnote omitted). Richards's three claims regarding his care at KRMC are claims for medical malpractice. The District Court found that Richards failed to disclose any expert witnesses to support his medical malpractice allegations. Failure to provide expert testimony is fatal to Richards's claims regarding his medical treatment. Accordingly, the District Court correctly granted summary judgment to KRMC on Richards's claims of medical malpractice.

¶7 The District Court also correctly concluded that KRMC had no legal duty to provide Richards with a written statement refuting Deputy Short's accusations. Richards failed to set forth any legal authority that provides KRMC is responsible for Deputy Short's actions. Further, Richards testified at his deposition that only Deputy Short made the allegedly false statement.[1]

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶9 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ DIRK M. SANDEFUR
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE

---

[1] The District Court, in its order granting summary judgment to KRMC, also considered claims raised by Richards during his deposition, which were not raised in his Complaint. These claims related to KRMC's allegedly inappropriate dissemination of Richards's health care information and use of MMLP records. The District Court concluded that the sharing of Richards's medical information was between medical providers at the same medical facility and that § 50-16-529(1) and (3), MCA, allowed for the sharing of this information. Respecting allegedly inappropriate use of MMLP records, the District Court determined Richards's claims were unsubstantiated and lacked any legal authority. Upon review of the record, we also conclude the District Court did not err in its determinations on these issues.